Merrimack, }
May 1, 1906. }

### BURBANK *v.* PEMBROKE SCHOOL DISTRICT.

Where a school district votes to contract with an academy for high school instruction and also to pay the tuition of pupils continuing to attend the high school in an adjoining town, it is liable to the parent of a pupil of the latter class for tuition paid by him subsequent to the contract authorized by the vote.

ASSUMPSIT, for money paid by the plaintiff for the tuition of his daughter at the Concord high school.   Facts agreed.   Transferred from the October term, 1905, of the superior court by *Pike,* J.

A meeting of the defendant district duly called was held March 18, 1905.   Article 8 of the warrant was as follows: "To see if the district will vote to make a contract with the trustees of Pembroke

Academy to furnish high school instruction to the pupils of the town qualified to enter, and to raise and appropriate money therefor." Under this article the district voted that "the school board be instructed and authorized to make a two-years contract with the trustees of Pembroke Academy for furnishing instruction to its pupils qualified for high school instruction, that the academy be the special school of the district, and that $1,500 a year be appropriated for carrying the contract into effect"; and under the same article it was also voted that the "school board be authorized and instructed to pay the tuition of pupils then attending Concord high school, as long as they continue to attend there." In pursuance of the vote, on March 25, 1905, the school board made a contract with Pembroke Academy "to furnish instruction to all pupils of the district qualified to enter upon a high school course" for two years from April, 1905. On the same day they notified the plaintiff that the district would not pay his daughter's tuition. She was one of the "pupils then attending Concord high school," and attended that school the next term—the spring term of 1905. The plaintiff paid the tuition and sues the district to recover the amount so paid.

*Almon F. Burbank,* for the plaintiff.

*Mitchell & Foster,* for the defendants.

PARSONS, C. J. Unless the school district of Pembroke was "maintaining a high school or school of corresponding grade," within the terms of the act, the plaintiff's right of action to recover for the tuition of his daughter at the Concord high school is established by the statute. Laws 1901, *c.* 96, *ss.* 1, 2; Laws 1903, *c.* 118, *s.* 1. The school district of Pembroke did not maintain a high school unless by virtue of a valid contract with Pembroke Academy, under section 1, chapter 90, Laws 1905. The authority of the school board to make the contract set out in the case depends upon the votes of the district at the annual school meeting in March, 1905. The intention of the district as disclosed by these votes is plain. It intended that those scholars who had entered upon the course at the Concord high school should, if they desired, continue there at the expense of the district, while as to all others the academy should be made the high school of the district.

The two votes adopted under article 8 relate to the same subject-matter; and it cannot be said that the first vote authorizing the contract with the academy would have been adopted except for an understanding as to the purpose expressed in the second vote, or

that the first vote would have been allowed to stand if the second had not been adopted. The purpose of the district being clearly expressed, the only question is whether that purpose was within the power of the district. The fact that the legislative intention is expressed by two votes instead of one is immaterial. See *New London* v. *Davis, ante, p.* 72; *Brackett* v. *McIntire,* 72 N. H. 67. If the district had authority to carry out its expressed intention to pay the tuition of certain scholars at Concord and establish the academy as the high school of the district for the others, the district is liable to pay the tuition of the plaintiff's child at the Concord high school because it agreed to do so. The vote instructed the school board to pay the tuition, but did not provide whether it should be paid to the school authorities, or to the parent or guardian who had paid it. Under the statute, if no high school were maintained by the district an action was maintainable by either the district furnishing the tuition, or by the parent or guardian paying the same. Construing the vote in view of existing law, the language is sufficient to create a right of action in the parent paying, as well as in the district furnishing the tuition.

If the school district of Pembroke was without authority to act as it intended, and could not create a high school except one for all its scholars, the attempt to execute such intention was ineffective and the contract was not authorized by the vote; for it is clear the district had no intention of so contracting with the Pembroke Academy as to deprive it of the power or release itself from the liability to pay the tuition of those scholars who had attended, and continued to attend, the Concord high school. If the vote was invalid, the plaintiff can recover under the statute; if valid, he can recover under the vote. It is therefore unnecessary to consider the authority of the district to take the action that was taken. Upon the facts there should be verdict and judgment for the plaintiff.

*Case discharged.*

YOUNG, J., dissented: the others concurred.