Sullivan, }
Feb. 3, 1914. }

## MAY E. FISK & a. v. JAY N. CALL.

A vote of a town renouncing a devise of realty and another instructing the select-
men to deed the town's interest in the estate are to be construed together,
when their manifest intent was to authorize a conveyance of the property.

A town may convey realty given to it by will, in the absence of a specific restraint
upon alienation in the devise.

WRIT OF ENTRY. Plea, *nul disseizin.* Trial by the court and
verdict for the plaintiffs. Transferred from the May term, 1913,
of the superior court by *Kivel,* J.

Phineas W. Pettingill was the owner of a farm in Acworth and
by his will disposed of the same as follows: "I give, bequeath,
and devise to Watson M. Pettingill and Mary E. Pettingill, wife
of the said Watson M. Pettingill, the use of all my real estate
. . . during their natural lives, and at their decease the use of
said property to go to the town of Acworth forever."

When Watson was a small boy he was taken into the family of
Phineas, and in 1861 his name was changed from Watson M.
Sargent to Watson M. Pettingill. He was treated by Phineas
as his son and called so by him, but was never legally adopted.
Phineas died in 1895, Watson and Mary surviving him. After
Phineas' death and during the lifetime of Watson, a diversity of
opinion prevailed among the citizens of Acworth relative to what
disposition should be made of the property, which resulted in certain
articles being inserted in the warrant for the annual town-meeting
in 1896, as follows:

"Art. 11. To see whether the town will vote to accept the
legacy of the late Phineas W. Pettingill.

"Art. 12. To see if the town will vote to authorize and instruct
the selectmen to deed by quitclaim deed to Watson M. Pettingill
its interest in the estate of the late Phineas W. Pettingill."

At the town-meeting the following action was taken: On article
11, "Voted not to accept the legacy of the late Phineas W. Pet-
tingill"; and on article 12, "Voted to authorize and instruct the
selectmen to deed by quitclaim deed to Watson M. Pettingill its
interest in the estate of the late Phineas W. Pettingill." By
virtue of the foregoing votes of the town, the selectmen by quit-
claim deed conveyed to Watson the real estate above mentioned.

The plaintiffs are successors to the rights of Watson, and the defendant has the interest of Phineas' heirs-at-law. The defendant excepts to the verdict upon the ground that he had title and Watson's devisees had none.

*Wason & Moran* and *Jesse M. Barton* (*Mr. Wason* orally), for the plaintiffs.

*Hosea W. Parker* and *Frank O. Chellis*, for the defendant.

PEASLEE, J. The defendant claims that the conclusion reached in the superior court was erroneous because the vote of the town under article 11 of the warrant was a complete renunciation of the benefit conferred by the will of Phineas Pettingill; that thereafter the town had no interest in his estate, and therefore nothing which it could convey to Watson Pettingill by its vote under article 12. This argument is based upon the assumption that the two votes are so distinct and separate that each is to be interpreted without reference to the other.

In *Burbank* v. *School District*, 73 N. H. 540, the town of Pembroke voted to contract with Pembroke Academy to furnish high-school instruction to the scholars of the town. It then voted to continue to pay the tuition of pupils then attending the Concord high school. It was held that the two votes should be construed together; that it could not be said that the first vote would have been passed, or allowed to stand, except for the second one. The same principle applies in the present case. It is very evident that the town understood that the sum of its action upon the subject of the Pettingill farm was expressed in the two votes. These votes are to be given a liberal construction, as distinguished from a technical one. *New London* v. *Davis*, 73 N. H. 72, 77. So construed, there is no reasonable doubt of the purpose the town had in view. It intended to convey its interest in the estate to Watson Pettingill.

Under a strict construction, the vote not to accept the legacy might be held to be a renunciation of the devise, or it might not be. There was no "legacy" left to the town; and if strict construction were to be resorted to, it should be followed throughout. The result of such a course would be that the first vote did not affect the devise, and that the property willed to the town would pass under its proper designation in the second vote. The town's

"interest in the estate" is a correct description of what it took under the will. But no such technical rule is to be applied in ascertaining the intention sought to be expressed. The reasonable meaning of the two votes, when read together, is that the town intended to confer a benefit upon Watson Pettingill, rather than upon the collateral heirs of Phineas Pettingill. The meaning being evident, it is unimportant that it is inartificially expressed, or that upon a strict construction the meaning would not be expressed at all. *Brackett* v. *McIntire*, 72 N. H. 670.

The claim that the devise created a trust, so that the town could not convey the title to the property, is also set up as a defence. But the devise contains no specific restraint upon alienation. Granting that a trust was created which the town could not defeat, it does not follow that it could not convey the property. If the conveyance were for an insufficient· consideration, or voidable for some other reason, the beneficiaries might object to the transaction; but as against third parties, the title would be so far transferred that the grantee could maintain a writ of entry. *Wiggin* v. *Berry*, 22 N. H. 114.

*Exception overruled.*

All concurred.